

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TOLE MOXLEY,           ) | |
|                             ) | 3: 08-cv-00608–RCJ-RAM |
| Petitioner,       ) | |
|                             ) | |
| vs.                         ) | **ORDER** |
|                             ) | |
| McDANIELS, *et al.*,        ) | |
|                             ) | |
| Respondents.      ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On March 18, 2010, the court entered an order granting respondents' motion to dismiss and dismissing grounds 1, 2, 3, 4, 6, 8, 9, and 10 with prejudice. (Docket #21.) The court ordered that this case shall proceed on grounds 5 and 7 only. *Id*. On March 29, 2010, petitioner filed a motion for reconsideration. (Docket #22.)

The Federal Rules of Civil Procedure are applicable to habeas corpus proceedings. FRCP 81(a)(2). FRCP 60(b) governs the reconsideration of final orders. That rule permits the court to relieve a party from a final order or judgment on grounds of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud ... of an adverse party, ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken. Fed.R.Civ.P. 60(b). Motions to reconsider are committed to the discretion of the trial

court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir.1987). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988).

Respondents moved to dismiss grounds 2, 9 and 10 with prejudice as barred as a matter of law due to the fact that petitioner was ultimately convicted in Nevada District Court. These grounds for relief raised claims concerning proceedings before the grand jury or justice court. This court found that petitioner's conviction rendered any potential error before the Justice Court or Grand Jury harmless, to the extent an error during those proceedings could rise to a constitutional level. Respondents also contended that all of petitioner's grounds for relief except grounds 5 and 7 were subject to dismissal because of his guilty plea. The court found that all of these grounds for relief raised claims of error which arose prior to the entry of petitioner's guilty plea. Therefore, the court found that petitioner was precluded from raising these grounds in a federal petition for writ of habeas corpus under the well-established law set forth in *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602 (1973), *Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir. 1992), and related cases.

Petitioner now contends that the court ignored the fact that his written plea agreement contained language to the effect that he reserved his right to "challenge the legality of the proceedings." Petitioner is incorrect. As noted in the court's previous order, a person who voluntarily pleads guilty to a criminal charge may only contend that his guilty plea was not voluntary and intelligent, *see e.g., Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985); *Boykin*, 395 U.S. at 242-43, or challenge the assistance of counsel under the Sixth Amendment. It is these challenges to his guilty plea that petitioner retained by reserving his right to "challenge the legality of the proceedings." Indeed, petitioner has made a challenge to the legality of the proceedings by claiming in ground five that his guilty plea was not knowingly and voluntarily entered .

///

1  **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration is **DENIED.**
2  (Docket #22.)
3  DATED this _____ day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE

3