# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN TOLE MOXLEY,

    Petitioner,

vs.

McDANIELS, *et al.*,

    Respondents.

3:08-cv-00608–RCJ-RAM

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The case is before the court for decision on the merits of the remaining claims.

## PROCEDURAL HISTORY

This matter arises from a secondary prosecution against petitioner for assaulting his lawyer while he was in custody awaiting trial on a murder charge. The case involves a single charge of battery by a prisoner related to that incident. A criminal complaint pertaining to the incident was filed, but before a preliminary hearing took place, the State presented the case to a grand jury. (Docket #12-2, Exhibit 1.) An indictment on the charge of battery by a prisoner was returned and filed on May 26, 2005. (Docket #12-2, Exhibit 2.) Petitioner was arraigned, pled not guilty and

proceeded to trial with representation by the public defender. (Docket #12-2, Exhibits 3 -5.) On October 20, 2005, the jury determined that it could not reach a verdict and a mistrial was declared. (Docket #12-7, Exhibit 20a.)

Rather than face retrial, petitioner entered a guilty plea on May 23, 2006. (Docket #12-8, Exhibit 28.) The terms of the plea negotiation were that in exchange for the plea, the State would recommend that petitioner be sentenced as a lesser habitual offender with a five to twenty year sentence which would run concurrently with the sentence for his murder conviction. *Id.* The plea was conditional, such that if the court did not follow that recommendation, petitioner could withdraw his plea. *Id.*

Upon questioning by the court, petitioner stated that he understood English and was pleading guilty freely and voluntarily. (Docket #12-8, Exhibit 8, p.3.) Petitioner stated that he had signed a written guilty plea and that he read "everything in it" before signing it. (Docket #12-8, Exhibit 8, p. 4.) The court reviewed the sentence with petitioner, noting that he faced up to six years in prison on the charge, or five to twenty years if sentenced as a lesser habitual criminal, which also was not probationable. *Id.* Petitioner stated that he had discussed the plea with his attorney, and that the attorney answered "every one" of his questions. *Id.* at p. 5. Petitioner admitted he was pleading guilty because he had in fact battered his previous attorney. *Id.*

As part of the plea agreement, petitioner preserved his right to raise on direct appeal a claim that he was denied his right to self-representation. *Id.* Petitioner then agreed to be sentenced during the same proceeding, at which time the court did follow the negotiation and sentenced petitioner to serve five to twenty years, concurrent to his other conviction. *Id.* at p. 8. As part of the sentencing and in support of the lesser habitual criminal penalty, the State filed certified copies of four of petitioner's prior convictions. *Id.* at p. 6. As further support for the habitual criminal penalty, the State filed on July 19, 2005, a "Notice of Habitual Criminality" pursuant to Nevada law, which contained enough prior felony convictions to seek the "greater" habitual criminal penalty. (Docket #12-8, Exhibit 28a.)

2

The written plea agreement confirmed that petitioner faced either a six year sentence on the underlying charge, or a five to twenty year sentence if found to be a lesser habitual criminal. (Docket #12-8, Exhibit 29, p. 2.) Petitioner acknowledged in the written agreement that he had discussed any possible defenses with his attorney, that pleading guilty was in his best interest, and that the decision to plead guilty was voluntary. *Id.* at 4. A judgment of conviction setting forth the sentence was filed May 26, 2006. (Docket #12-8, Exhibit 30.) Petitioner filed a timely notice of appeal. (Docket #12-8, Exhibit 31.) The Nevada Supreme Court filed its Order of Affirmance on February 1, 2007. (Exhibit 36.)

Petitioner filed a motion to withdraw his guilty plea on March 6, 2007. (Docket #12-9, Exhibit 38.) The trial court denied that motion, filing a written order on March 22, 2007. (Docket 12-10, Exhibit 44.) Petitioner filed a notice of appeal. (Docket #12-10, Exhibit 41). Petitioner also filed a motion to correct illegal sentence on March 13, 2007. (Docket #12-9, Exhibit 39.) The trial court denied that motion on March 27, 2007. (Docket #12-10, Exhibit 45.) Petitioner filed a notice of appeal. (Docket #12-10, Exhibit 46.) The Nevada Supreme Court consolidated the appeals into one action, and affirmed the denial of both motions in an order filed December 10, 2007. (Docket #12-18, Exhibit 57.) The Nevada Supreme Court denied petitioner's motion for rehearing. (Docket #12-18, Exhibit 59.)

On June 5, 2007, petitioner filed a petition for post-conviction relief with the trial court. (Docket #12-12, #12-13, and # 2-14.) The trial court denied the petition in a written order entered October 3, 2007. (Docket #12-15, Exhibit 52.) The Nevada Supreme Court affirmed the denial of post-conviction relief on August 29, 2008. (Docket #12-16, Exhibit 53.)

This court received petitioner's petition for writ of habeas corpus on November 18, 2008. On March 24, 2009, respondents filed a motion to dismiss, which petitioner opposed. (Docket #12.) On March 18, 2010, the court entered an order granting respondents' motion to dismiss and dismissing grounds 1, 2, 3, 4, 6, 8, 9, and 10 with prejudice. (Docket #21.) The court ordered that this case would proceed on grounds 5 and 7 only, and directed respondents to file an answer. *Id.*

1 | Respondents have filed an answer, to which petitioner filed a reply. (Docket #24, #25.)

## LEGAL STANDARDS

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

4

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Ground Five

In ground five, petitioner contends that his guilty plea was not knowingly and voluntarily entered, in violation of his Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution. Specifically, petitioner alleges that his plea was not knowing and voluntary because he received ineffective assistance of trial counsel. He provides twelve paragraphs of facts in support of this claim.

Petitioner raised these claims in his appeal from the denial of his petition for post-conviction relief. (Docket #12-16, Exhibit 53.) The Nevada Supreme Court addressed petitioner's claims in detail, relying on the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. *Strickland v. Washington*, 466 U.S. at 687; *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not

5

functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. *Id*. at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. *Strickland*, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Id.; Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. *See Strickland*, 466 U.S. at 692; *United States v. Cronic*, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). *Weighall v. Middle*, 215 F.3d 1058, 1062 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions

6

but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 640 (2003).

In paragraph (2) of ground five, petitioner alleges that trial counsel told him that he could not win at trial, that counsel would not obtain a medical expert witness to support petitioner's theory, that counsel would not challenge the indictment on the ground that petitioner was not permitted to testify, that there were various procedural errors in the Justice Court proceedings, that the victim committed perjury at trial, that critical evidence was lost, and that counsel told him he had to plead guilty and stipulate to the small habitual criminal enhancement. The Nevada Supreme Court addressed these claims as petitioner's first through eighth claims in support of his ineffective assistance contention in his appeal from the denial of his petition for post-conviction relief. Exhibit 53, p. 5 - 12. Petitioner presents no argument in his petition as to how the Nevada Supreme Court's lengthy and detailed adjudication of these claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." *See* 28 U.S.C. § 2254(d). The arguments petitioner raises for the first time in his reply on this and every other issue in his petition are meritless and simply repeat arguments previously rejected by the Nevada Supreme Court.

In paragraph (3), petitioner alleges that his guilty plea was based on the fact that he believed that counsel, the prosecutor and the court had contrived to deny him his Constitutional rights to a fair and impartial jury trial. Petitioner claims that they did so by not impeaching Paul Wommer with his false testimony and inconsistent testimony, and by suborning perjury at trial. The Nevada Supreme Court addressed and rejected these claims in its opinion at page 9, and petitioner presents nothing to indicate that its decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding" and so has not established a basis for habeas corpus relief. *See* Exhibit 53, p. 9.

Paragraph (4) is largely duplicative of paragraph (3), with the added detail that trial counsel refused to impeach the victim on whether the victim had his glasses on at the time of the attack. The Nevada Supreme Court addressed this issue, finding that "the mere fact that the victim may have testified inconsistently before the grand jury and trial regarding whether he was wearing glasses when appellant struck him did not significantly undermine his testimony regarding the attack such that the evidence was not sufficient upon which to find probable cause to believe that the appellant committed the crime." Exhibit 53, p. 9. As respondents argue, petitioner fails to present any argument regarding prejudice. Petitioner has failed to meet his burden under 28 U.S.C. § 2254(d).

In paragraph (5), petitioner claims that he was advised by counsel that he could stipulate to the small habitual criminal enhancement and that he had no rights to raise the issues about the alleged perjury by Paul Wommer. As respondents argue, these claims are largely duplicative of those raised earlier. Further, the Nevada Supreme Court expressly rejected petitioner's claim based on stipulating to habitual criminal status, finding that petitioner was unable to show prejudice to support a claim of ineffective assistance. Exhibit 53, p. 9 - 10. Petitioner presents nothing to indicate that its decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." and so has not met his burden for habeas corpus relief.

In paragraph (6), petitioner alleges that his guilty plea was based on counsel's representations that petitioner could raise all procedural violations on direct appeal and that his plea was based on a conditional agreement that he could appeal to the Nevada Supreme Court all pretrial and trial errors. In paragraph (7), petitioner repeats allegations made in earlier paragraphs. In paragraph (8), petitioner alleges that he could not make an informed decision about pleading guilty because counsel was not acting as his advocate, but rather as his adversary. He claims that counsel were under pressure from Judge Glass to obtain a conviction. In paragraph (9) petitioner alleges that counsel's advice of May 23, 2006, was improper and denied him his constitutional right to effective assistance of counsel. All of these allegations are conclusory, and provide no showing of prejudice to support

8

a claim of ineffective assistance of counsel. Petitioner fails meet his burden under 28 U.S.C. § 2254(d).

In paragraph (10), petitioner asserts that counsel was ineffective for advising him that he could stipulate to the small habitual criminal enhancement. He argues that he could not do so, because the state had not filed a notice of habitual criminal treatment. The Nevada Supreme Court expressly rejected this contention. Exhibit 53, p. 17. In paragraph (11), petitioner alleges that he believed that he could not receive a fair and impartial trial before the judge and the prosecutor assigned to his case, and while represented by his counsel, as all of these individuals acted in concert to obtain his conviction. The Nevada Supreme Court addressed and rejected this allegation. Exhibit 53, p. 27. In paragraph (12), petitioner repeats his allegation that he could not receive a fair trial before Judge Glass, alleging various Constitutional defects in his prior trial before that judge. The Nevada Supreme Court found that petitioner did "not put forth sufficient facts upon which to conclude Judge Glass was biased against" petitioner. Exhibit 53, p. 27. Petitioner does not meet his burden under 28 U.S.C. § 2254(d) as to any of these claims.

In summary, the court has carefully reviewed petitioner's claims contained within ground five, along with the relevant arguments presented in the reply. The court concludes that the claims are largely conclusory and that petitioner has not meet his burden under 28 U.S.C. § 2254(d) as to any of the claims. Therefore, none of these claims presents any basis for habeas corpus relief.

Ground Seven

In ground seven petitioner contends that he was denied his Fifth, Sixth and Fourteenth Amendment rights to effective assistance of counsel on direct appeal. In paragraphs (2), (3) and (4), petitioner challenges appellate counsel's failure to present on direct appeal issues arising from the Justice court proceedings against petitioner. The Nevada Supreme Court rejected these claims in petitioner's appeal from the denial of his petition for post-conviction relief. (Docket #53, p. 22-24). The court held, in part, that by pleading guilty, petitioner waived all errors which occurred prior to the entry of his plea, except for those errors which were specifically reserved. *Id.* at 22-23.

Petitioner only reserved the right to appeal from the district court's denial of his motion to represent himself. *Id.* at 23. The Nevada Supreme Court concluded that because petitioner had waived all other claims arising from before he entered his guilty plea, he did not demonstrate the reasonable likelihood of success on appeal needed to support a claim of ineffective assistance of appellate counsel. *Id.* Petitioner has presented nothing indicating that the Nevada Supreme Court's resolution of these claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding" and so has not met his burden for habeas corpus relief under 28 U.S.C. § 2254(d).

Paragraph (5) contains an extensive list of claims regarding trial counsel which petitioner claims appellate counsel was ineffective for failing to raise. The Nevada Supreme Court held that because claims of ineffective assistance of trial counsel are generally raised in the first instance in a petition for post-conviction relief, the district court did not err in denying the claims. Petitioner presents nothing to support his burden under 28 U.S.C. § 2254(d).

In paragraph (6) petitioner claims that appellate counsel was ineffective for failing to challenge the State having maintained two prosecutions against petitioner at the same time. The Supreme Court found this claim to be waived on appeal, and further found that petitioner had failed to demonstrate that his counsel was deficient or that he was prejudiced. Exhibit 53, 22-23, 24. Petitioner presents no argument to support his burden under 28 U.S.C. § 2254(d).

In paragraph (7), petitioner claims that appellate counsel was ineffective for failing to challenge the lack of notice regarding possible habitual criminal sentencing. Similarly, in paragraph (8), petitioner argues that appellate counsel was ineffective for failing to argue that he could not stipulate to habitual criminal treatment. The Nevada Supreme Court found that petitioner had failed to show that appellate counsel was deficient or that he was prejudiced in regard to these claims. Exhibit 53, p. 24. It noted that it had previously found that petitioner did not merely stipulate to habitual criminal status, but waived proof of his prior convictions. *Id.* at 24 -25. Law of the case thus precluded further litigation of this issue. *Id.* at 25. Petitioner presents no argument to support

his burden under 28 U.S.C. § 2254(d).

In paragraph (9), petitioner contends that appellate counsel was ineffective for failing to argue that the trial judge forced him to enter into the plea agreement and to plead guilty. The Nevada Supreme Court rejected this claim, noting that petitioner had raised it previously in his motion to withdraw his guilty plea. Exhibit 53, p. 24. In affirming the district court's denial of that motion, the Nevada Supreme Court held that the district judge did not impermissibly participate in the plea negotiations. *Id.* The Nevada Supreme Court thus found on the appeal from the denial of post-conviction relief that petitioner had failed to show that issue had a reasonable probability of success on appeal. *Id.* Petitioner presents no argument to support his burden under 28 U.S.C. § 2254(d).

In paragraphs (10), (11) and (12), petitioner repeats his claim that appellate counsel was ineffective for failing to argue the trial judge was biased against him, referring to issues relating to petitioner representing himself and the judge being disqualified and not recusing herself. The Nevada Supreme Court held that petitioner had failed to demonstrate that appellate counsel was deficient or that he was prejudiced. Exhibit 53, p. 24. It further noted that it had previously affirmed the district court's orders concluding that appellant's motions for self-representation were "part of a pattern of dilatory behavior." *Id.* The Nevada Supreme Court also found that petitioner did "not put forth sufficient facts upon which to conclude Judge Glass was biased against" petitioner. Exhibit 53, p. 27. Petitioner has provided nothing to support his burden under 28 U.S.C. § 2254(d).

In paragraph (13), petitioner contends that appellate counsel was ineffective for failing to "present on direct appeal" other motions and appeals concerning denial of petitioner's requests to represent himself. On direct appeal, the Nevada Supreme Court found that petitioner was properly denied permission to represent himself based on his abuse of that right in other matters. Exhibit 35. As respondents argue, petitioner's present claim is conclusory, as he does not explain what additional information should have been presented or how it would have affected his chances of success on appeal.

Finally, in paragraph (14) petitioner argues that appellate counsel was ineffective for failing

to argue on appeal that the grand jury could not return an indictment against petitioner because the State had failed to present any evidence that he was under lawful confinement on the date in question. The Nevada Supreme Court found that this claim had been waived, and therefore could not demonstrate prejudice. Exhibit 53, p. 22-23. Petitioner has presented nothing to show that decision that was based on an unreasonable determination of the facts in light of the evidence presented.

In summary, as with ground five, the court has carefully review petitioner's claims in ground seven and the relevant arguments presented in the reply. The court concludes that petitioner has not met has burden to establish a basis for habeas corpus relief as to any of the claims.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DENIED**. The Clerk shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

DATED this 29th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE